IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01861-MSK

SCOTT TENE,

        Plaintiff,

v.

THE BANK OF NEW YORK MELLON,
FIRST HORIZON BANK, and
CAROL SNYDER, in her capacity as Adams County Public Trustee,

        Defendants.

---

**OPINION AND ORDER FOR TEMPORARY RESTRAINING ORDER**

---

**THIS MATTER** comes before the Court on Plaintiff Scott Tene's *pro se*[1] Combined Verified Application for Temporary Restraining Order and Preliminary Injunction **(#2)**.

Mr. Tene commenced this action on July 18, 2011 asserting a number of claims relating

---

[1] In considering Mr. Tene's filings, the Court is mindful that he is proceeding *pro se* and, therefore, construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

to a loan he obtained for the purchase of a piece of residential real estate that he currently leases to tenants.  According to the Verified Complaint **(#1)**, Mr. Tene purchased the property in July 2004 and then refinanced the property in September 2004 by executing a promissory note in favor of First Approval Mortgage Company ("First Approval"), secured by a deed of trust.  First Horizon Home Loan Corporation ("First Horizon") was the servicer of the loan.  When Mr. Tene began falling behind in his payments in 2010, First Horizon sent him notices of the overdue payments, but continued to accept late payments.  These notices also stated that foreclosure proceedings would not be initiated as long as he did not fall three months or more behind in the payments.  In August 2010, First Horizon provided Mr. Tene with a Notice of Default and gave Mr. Tene 30 days to cure the default.  Mr. Tene was unable to cure the default and on October 7, 2010, First Horizon informed Mr. Tene that it had initiated foreclosure proceedings.[2]  Also on the same date, Mr. Tene received a Notice pursuant to the Fair Debt Collection Practices Act from The Bank of New York Mellon's ("BNY Mellon") attorney regarding the foreclosure proceedings.  This Notice stated that BNY Mellon was the "current creditor."  Mr. Tene understood this to mean that First Approval had assigned the note and deed of trust to BNY Mellon.

     BNY Mellon commenced foreclosure proceedings under Colo. R. Civ. P. 120 is state court.  During this proceeding, Mr. Tene argued that BNY Mellon was not the real party in

---

[2]Mr. Tene contends that, throughout the foreclosure process, he has attempted to engage in loan modification negotiations with First Horizon.  He has, however, had substantial difficulty in getting his applications reviewed, including having to apply initially to a program limited to loans on owner-occupied properties, having to re-apply multiple times, and having trouble submitting his documents.  Eventually, First Horizon informed Mr. Tene that no modification would be made.

interest because no valid assignment had been made and, therefore, BNY Mellon could not pursue the foreclosure action.  This argument was apparently rejected by the state court, although the record does not clearly indicate what findings, if any, the state court made on this point.  At the conclusion of the Rule 120 proceeding, the state court authorized the Adams County Public Trustee to execute a foreclosure sale.  Defendant Snyder, as the Adams County Public Trusteee, has scheduled that sale for July 20, 2011.

Mr. Tene then commenced this action. He brings five nominal claims, although each nominal claim appears to contain a variety of discrete claims within it.  He asserts: (1) a claim for declaratory judgment, namely, a declaration that BNY Mellon is not the holder of the note because there was not a valid assignment and that First Horizon and BNY Mellon failed to satisfy conditions precedent prior to initiating the foreclosure action; (2) a claim for injunctive relief, halting the foreclosure based on the doctrines of estoppel, promissory estoppel, and unclean hands; (3) contract claims, including breach of contract for failure to comply with the notice requirements specified in the deed of trust, breach of the covenant of good faith and fair dealing, and waiver of the right to foreclose; (4) statutory violations based on First Horizon's failure to comply with the Real Estate Settlement Procedures Act ("RESPA") by not giving notice of the transfer, and violation of Colorado's Fair Debt Collection Act by providing false reasons for denying Mr. Tene's requests for a loan modification; and (5) tort claims of negligent misrepresentation for representations made by BNY Mellon in the Notice of Acceleration and by First Horizon during loan modification negotiations.

In the instant motion **(#2)**, Mr. Tene moves for a temporary restraining order, alleging that a foreclosure sale on the property has been scheduled for July 20, 2011.  Fed. R. Civ. P.

65(b) sets for the requirements for a party seeking an *ex parte* temporary restraining order. Two specific requirements are identified: (i) the party must, "in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (ii) the party's attorney must "certify in writing any efforts made to give notice and the reasons why it should not be required."[3] The decision to grant injunctive relief is a matter of discretion. *See Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998) (noting that the Tenth Circuit reviews denials of both preliminary injunctions and temporary restraining orders for abuse of discretion).

In this case, Mr. Tene has satisfied the requirements of Rule 65(b). Mr. Tene has verified, under oath, the factual allegations in the Complaint **(#1)** as being true and accurate, and the Court thus treats the Complaint as if it were an affidavit tendered by Mr. Tene. The facts alleged therein state that there is an imminent foreclosure sale scheduled for July 20, 2011, that Mr. Tene raised at the Colo. R. Civ. P. 120 hearing his belief that BNY Mellon is not the holder of the note and, therefore, cannot proceed with a foreclosure, and that the state court rejected this argument and authorized the sale. The Court assumes, without necessarily finding, that each parcel of real property has unique features and characteristics, such that foreclosure of Mr. Tene's rights in the subject parcel would constitute a loss to Mr. Tene that could not be remedied

---

[3] These are the only to requirements expressly noted in the Rule for issuance of a temporary restraining order, but courts often require the movant to also make the same type of showing necessary to obtain a preliminary injunction-namely, a likelihood of success on the merits, an imminent irreparable injury, that the balance of equities favors the movant, and that the requested relief is not adverse to the public interest. *See, e.g.*, *Iowa Pacific Holdings, LLC v. National R.R. Passenger Corp.*, 2009 WL 5216938 (D.Colo. Dec.23, 2009) (slip copy) (Blackburn, J.). As explained, at this preliminary stage, the Court finds that to accurately make those determinations, a hearing on notice to the Defendants is warranted.

by an award of damages. Mr. Tene has also represented that he has attempted to contact the Defendants, both on the phone and by fax, and has faxed them copies of the Complaint and the Motion, but that the foreclosure sale is so imminent that it is not feasible to wait for the adverse parties' response to his motion. Thus, it appears to the Court that Mr. Tene has satisfied the requirements of Rule 65.

The Court notes, again without necessarily finding, that there does not appear to be a *Rooker-Feldman* or preclusive issue in entertaining this action. *See Rousseau v. Bank of New York*, 2009 WL 3162153 (D.Colo. Sept.29, 2009) (unpublished) (federal suit challenging Rule 120 determination by state court not subject to doctrines of abstention or preclusion, as Rule 120 hearing does not result in a judgment that can be given preclusive effect). In fact, Rule 120 itself anticipates that a plaintiff can re-raise arguments concerning the validity of the foreclosure in a subsequent proceeding, which would, theoretically, include this action.

The Court finds that it has facial subject matter jurisdiction over this action, insofar as Mr. Tene's RESPA claim raises a federal question under 28 U.S.C. § 1331. Whether this Court should exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 is a matter that the Court will not address at this time.

Therefore, upon the preliminary information provided by Mr. Tene in the Complaint and his motion, the Court concludes that a temporary restraining order is warranted until the Court can determine the issues with all parties present.

    **IT IS THEREFORE ORDERED** that

(1) Mr. Tene's Combined Verified Application for Temporary Restraining Order and Preliminary Injunction **(#2)** is **GRANTED**.

(2) The Defendants The Bank of New York Mellon, First Horizon Bank, and Carol Snyder, in her capacity as Adams County Public Trustee, are hereby enjoined from proceeding with the foreclosure sale scheduled for July 20, 2011 for the property located at 1725 Chester Stree, Aurora, Colorado, 80010.  This temporary restraining order shall remain in effect for a period of no longer than 14 days, unless modified by further order of the Court.

(3) A non-evidentiary hearing is set on the law and motion calendar Friday, July 29, at 1:30 p.m.  At that hearing, the parties shall be prepared to address any issues relating to the subject-matter jurisdiction of this Court, the need for an evidentiary preliminary injunction hearing and the scheduling thereof, and any other matters relating to Mr. Tene's request for provisional relief.

(4) The Plaintiff shall serve, consistent with Fed. R. Civ. P. 4, a copy of this Order, the Complaint **(#1)**, the Combined Verified Application for Temporary Restraining Order and Preliminary Injunction **(#2)** and accompanying briefing **(#3,4)** prior to the foreclosure sale on July 20, 2011 on all three Defendants.

Dated 6:40 p.m. this 19th day of July, 2011

                                **BY THE COURT:**

*Marcia S. Krieger*
_____

                                Marcia S. Krieger
                                United States District Judge